**Javier Contreras DELGADO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–2065.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 14, 2009.

Filed Oct. 20, 2009.

John D. Perez, Esq., Perez, Perez & Perez, Newark, NJ, for Petitioner.

Richard M. Evans, Esq., United States Department of Justice Office of Immigration Litigation, Ann M. Welhaf, Esq., Attorney, Attorney General of the United States United States Department of Justice, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Javier Contreras Delgado petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the following reasons, we will deny his petition.

I.

Delgado, a native and citizen of Colombia, entered the United States as a lawful permanent resident in 1965. The next year, in November 1966, Delgado was convicted of larceny under N.J.Rev.Stat. § 2A:119–1 (repealed) in Union County, New Jersey. Over the course of the following forty years, Delgado was convicted of shoplifting in New Jersey four times—in 1973, 1975, 1999, and 2003.

Delgado subsequently left the United States. When he applied for re-admission as a returning legal permanent resident, he was served with a notice to appear alleging that he was inadmissible for having committed crimes involving moral turpitude in 1999 and 2003. The government later filed additional charges alleging that

he was subject to removal for the 1966 larceny conviction as well.

At his removal hearing, Delgado conceded removability but sought cancellation of removal under § 240A(a) of the INA.[1] The Immigration Judge ("IJ") denied relief, explaining in a written decision that Delgado was not eligible for cancellation of removal because he had not continuously resided in the country for the requisite seven years. *See* 8 U.S.C. § 1229b. According to the IJ, under the "stop-time" provision, 8 U.S.C. § 1229b(d)(1), Delgado's years of residence stopped accruing when he committed his first crime of moral turpitude, and the clock never started anew because there was no evidence that he was lawfully readmitted into the country. On appeal to the BIA, Delgado argued that the offenses for which he had been convicted could not serve as stop-time convictions because shoplifting is not a "crime" under New Jersey law. The BIA rejected this argument and, by order entered March 11, 2008, 2008 WL 762624, dismissed the appeal.

Delgado now petitions for review of the BIA's order.[2]

## II.

On appeal, Delgado argues that the IJ erred in finding that he had failed to meet the continuous physical presence requirement of Section 240A(a)(2) because, according to Delgado, the seven-year clock should have been reset when he re-entered the United States after his 1973 shoplifting conviction. *See Okeke v. Gonzales,* 407 F.3d 585 (3d Cir.2005). Delgado also argues that the IJ failed to conduct a hearing, and the BIA failed to remand the matter for a hearing, in violation of his due process rights.

Delgado did not, however, raise either of these arguments in his appeal to the BIA. Instead, Delgado argued only that his convictions for shoplifting could not serve as stop-time convictions because shoplifting is not a "crime" under New Jersey law. (A000008–09; A000015.) Although we recognize a liberal exhaustion policy for immigration petitioners, we have explained that a petitioner will be deemed to have exhausted his administrative remedies only if he makes an effort "to place the Board on notice of a straightforward issue being raised on appeal." *Joseph v. Attorney General of U.S.,* 465 F.3d 123, 126 (3d Cir.2006) (quoting *Yan Lan Wu v. Ashcroft,* 393 F.3d 418, 422 (3d Cir.2005)) (citing *Bhiski v. Ashcroft,* 373 F.3d 363, 367–68 (3d Cir.2004)). Here, Delgado did nothing to alert the BIA that he wanted it to consider his argument that the clock should have been reset when he reentered the country in 1973, nor did he object to the IJ's failure to hold a hearing on his claims. As a result, the BIA did not consider these arguments, and we do not have jurisdiction to consider them on appeal. *See id.*

---

1. Delgado also sought relief in the form of a waiver of removal under former § 212(c) of the INA, but the IJ denied relief and the BIA affirmed. Delgado does not challenge this determination on appeal. (Petitioner's Br. 4.)

2. Because this appeal concerns "constitutional claims or questions of law," the prohibition against appellate review of discretionary determinations does not apply. 8 U.S.C.

§ 1252(a)(2)(D). However, to the extent that Delgado argues that he was entitled to cancellation of removal because the discretionary factors weigh in his favor, we lack jurisdiction. *See Mendez–Moranchel v. Ashcroft,* 338 F.3d 176, 178 (3d Cir.2003) (concluding that, "for nondiscretionary factors, the Court maintains jurisdiction, but as to discretionary decisions, we lack jurisdiction").

## III.

Accordingly, we will deny the petition for review.